UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br><br>    Defendant. | Civil Action No. 24-3380 (CRC) |

**ANSWER**

Defendant, the United States Department of Justice ("DOJ"), by and through undersigned counsel, hereby submits this Answer to the Complaint, ECF No. 1, filed against Defendant by Plaintiff Judicial Watch, Inc. in this Freedom of Information Act ("FOIA") action. See 5 U.S.C. § 552.

**RESPONSE TO THE UNNUMBERED PARAGRAPH**

The first unnumbered paragraph at the beginning of the Complaint consists of Plaintiff's characterization of the present action, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff filed this action under the FOIA.

**RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT**

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

Defendant responds to the separately numbered paragraphs and request for relief in the Complaint as follows:

## JURISDICTION AND VENUE[1]

1. Paragraph 1 consists of Plaintiff's legal conclusion regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction, subject to the limitations of FOIA.

2. Paragraph 2 consists of Plaintiff's legal conclusion regarding venue, to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District.

## PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.

4. Defendant admits that it is an agency of the United States Government and that it is headquartered at 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001. The remaining allegations contained in this paragraph are conclusions of law, to which no response is required.

---

[1] For ease of reference, this Answer replicates the headings utilized in the Complaint. While Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent that those headings could be construed to contain factual allegations, those allegations are denied.

**STATEMENT OF FACTS**

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5. The allegations in this paragraph do not set forth claims for relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

6. Defendant admits that it received a FOIA request from Plaintiff, dated October 15, 2024. The remainder of this paragraph consists of Plaintiff's characterization of its October 15, 2024 FOIA request, to which no response is required. A copy of Plaintiff's October 15, 2024 FOIA request is attached hereto as Defendant's Exhibit A. Defendant respectfully refers the Court to Plaintiff's October 15, 2024 FOIA request for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

7. Defendant admits that the Department's Office of Information Policy ("OIP") acknowledged receipt of Plaintiff's FOIA request by letter dated October 15, 2024. The remainder of this paragraph consists of Plaintiff's characterization of OIP's October 15, 2024 letter, to which no response is required. A copy of OIP's October 15, 2024 letter is attached hereto as Defendant's Exhibit B. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents, and denies any allegations inconsistent therewith.

8. The allegations in this paragraph contain legal conclusions, to which no response is required. To the extent that a response is required, Defendant admits that it has not provided a final response in response to Plaintiff's FOIA request.

## COUNT I

### (VIOLATION OF FOIA, 5 U.S.C. § 552)

9. Defendant's responses to paragraphs 1 through 8 of the Complaint are hereby incorporated by reference and realleged as if fully stated herein.

10. The allegation contained in paragraph 10 is a conclusion of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegation in paragraph 10.

11. The allegations contained in paragraph 11 are conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 11.

12. The allegations contained in paragraph 12 are conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations in paragraph 12.

\* \* \*

The remainder of the Complaint sets forth Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contain in this Answer, as facts and circumstances become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

## SECOND DEFENSE

The information that Plaintiff seeks in its FOIA request is exempt from disclosure in whole or in part under the FOIA, and Defendant has not improperly withheld any records under 5 U.S.C. § 552, as amended.

## THIRD DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA, 5 U.S.C. § 552.

## FOURTH DEFENSE

Plaintiff is neither eligible for nor entitled to attorney's costs or fees in this action.

## FIFTH DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## SIXTH DEFENSE

Plaintiff's FOIA request fails to reasonably describe the records sought.

## SEVENTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

Dated: January 23, 2025
       Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     /s/ *Sian Jones*
SIAN JONES, D.C. Bar #1024062
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2500 (main)

*Attorneys for the United States of America*